# Markle, Appellant, v. Wilbur (No. 2).

*Equity—Equity practice—Costs.*

Where one of the parties, plaintiff in a bill in equity, withdraws after the evidence is heard, although before decree, and takes an appeal from the decree, which is reversed, he will be required to pay the costs of his appeal, as the decree may in part be considered as attributable to his attitude at the commencement of and during the course of the proceedings.

Argued April 10, 1900.   Appeal, No. 80, Jan. T., 1900, by plaintiffs, from decree of C. P. Luzerne Co., Oct. T., 1895, No. 14, on bill in equity in case of George B. Markle et al. v. E. P. Wilbur et al.   Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Bill in equity for an account of the affairs of George B. Markle & Company.

From the record it appeared that Alvan Markle withdrew as a party plaintiff after the evidence was heard, but before the decree was entered.

The facts appear by the report of Markle v. Wilbur (No. 1), ante, p. 457.

*Errors assigned* were portions of the decree of the court.

*George R. Bedford*, for *Alvan Markle*, appellant.

OPINION BY MR. JUSTICE DEAN, October 11, 1901:

Our opinion this day handed down, in the appeal of E. P. Wilbur, and others, from the same decree, expresses our opinion as to the issue raised by this appeal.   The decree of the court below is reversed; but as appellant was one of the parties plaintiff in the bill and did not withdraw until after the evidence was heard, although before decree, the latter may in part be considered, as attributable to his attitude at the commencement of and during the course of the proceedings; therefore, it is directed that he pay the costs of his appeal to this court.